# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Tanisha Smith, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-1215 |
| | § | |
| Lyft, Inc., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge for all pretrial purposes. ECF No. 6. Pending before the court is Plaintiff's Motion to Vacate Pretrial Conference and Objection to the Magistrate Judge. ECF No. 17. In the pending motion, Plaintiff objects to the district judge's referral of the case to the undersigned. She also seeks to withdraw her previously filed motions to amend her complaint and for discovery. She further requests that the pretrial conference be canceled pending a ruling on her Motion for Default Judgment. ECF No. 15.

Plaintiff filed her Complaint on March 13, 2025. ECF No. 1. On April 22, 2025, she moved for leave to amend her pleadings, which the undersigned granted the next day. ECF No. 8. In the order granting leave to amend, as a courtesy to the Plaintiff, the court pointed out that there was a discrepancy between the Defendant's address she had listed in the Complaint and the Defendant's address at which the U.S. Marshal Service had effectuated service. *Id.* On the same day, hours after the court had already granted Plaintiff leave to amend, the Clerk's Office docketed another Motion for Leave to Amend and a Motion to Compel Discovery. ECF Nos. 10, 11. The court denied the second

motion for leave to amend as moot the very next day, because the court had already granted Plaintiff leave to amend. ECF No. 12. The court also denied Plaintiff's request for discovery as premature. *Id.* Four days later, on April 28, 2025, after the court had already ruled on all the pending motions, Plaintiff filed a Motion to Withdraw the second motion for leave to amend and her request for discovery. ECF No. 14. On May 2, 2025, the court denied the Motion to Withdraw as moot because the court had already denied the motions (so there was nothing to withdraw) and the court had already granted Plaintiff leave to amend. ECF No. 16. The court also denied without prejudice Plaintiff's Motion for Default Judgment. *Id.* The court again pointed out the discrepancy with the addresses and extended Plaintiff's time to file an amended complaint. *Id.*

In the pending motion, Plaintiff has clarified that she no longer seeks leave to amend her complaint. As a result, her live pleading in the case is the original Complaint, ECF No. 1. To the extent that Plaintiff seeks to withdraw motions that have already been ruled on, those motions are **DENIED** as moot.

It also appears that Plaintiff does not wish to rectify the apparent discrepancy in Defendant's address that the court has now pointed out twice. She seeks to have her Motion for Default Judgment ruled on. Accordingly, the court hereby **VACATES** its denial without prejudice of Plaintiff's motion for default judgment and now recommends that the Motion for Default Judgment be **DENIED**.

Default judgments under Federal Rule of Civil Procedure 55 are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*,

No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). Because Plaintiff has not shown that Defendants have been properly served with notice of this lawsuit and with notice of the motion for default judgment, default judgment is not procedurally proper and must be denied.

Under Federal Rule of Civil Procedure 4(e)(1) and (h), service on a corporation may be accomplished pursuant to Texas state law. Texas Rule of Civil Procedure 106 governs. Under Rule 106, service may be accomplished by mailing the citation and complaint to the defendant by registered or certified mail, return receipt requested. Under Southern District of Texas Local Rule 5.5, "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."

It is not clear to the court that the Defendant has been served. The U.S. Marshal Service docketed a printout of a tracking receipt, which shows that someone picked up the package containing the Complaint from the U.S. Post Office on March 25, 2025. The delivery address is "85 Berry St., Ste 400, San Francisco, CA 94107." ECF No. 5 at 2. As the court has already twice brought to Plaintiff's attention, the address that Plaintiff listed for Defendant in her Complaint is "185 Berry St." ECF No. 1 at 2. Because of this discrepancy, the court cannot make a finding the Defendant has been served.

Even if the summons had been properly served, Plaintiff did not serve the Motion for Default Judgment per the court's local rule. Having failed to follow the Court's Local Rules, the court cannot conclude that the Motion for Default Judgment is procedurally proper. For both of the foregoing reasons, the court recommends that the Motion for Default Judgment be **DENIED**.

Plaintiff objects to the district judge's reference of this case to the undersigned magistrate judge. Such a reference is routine

and authorized by statute. *See* 28 U.S.C. § 636(b)(1). The court recommends that the objection to the reference be **DENIED.**

Plaintiff's Motion to Vacate the Scheduling Conference is **DENIED.** The scheduling conference will take place as scheduled.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 14, 2025.

_____
Peter Bray
United States Magistrate Judge